**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

GARY LYNN CONLEY
ADC #163989                                                                    PLAINTIFF

v.                                         4:25-cv-01284-JM-JJV

ARKANSAS DIVISION OF CORRECTION; *et al.*                    DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr.   Any party may serve and file written objections to this Recommendation.   Objections should be specific and include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation.   Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.    DISCUSSION**

On December 12, 2025, Gary Lynn Conley ("Plaintiff") filed this *pro se* action alleging Defendant Anthony Sifuents used excessive force against him at the Varner Unit on March 30, 2025 and April 3, 2025, while several non-parties failed to protect him from that use of force. (Doc. 1.)   He also sought permission to proceed *in forma pauperis.*   (Doc. 3.)   However, before filing this lawsuit Plaintiff accumulated three strikes as defined by 28 U.S.C. § 1915(g).[1]

---

[1] *See Conley v. Arkansas,* 4:22-cv-00090-BRW (E.D. Ark. Mar. 10, 2022); *Conley v. Hutchinson,* 4:22-cv-00353-DPM (E.D. Ark. Jun. 16, 2023); *Conley v. Jegley,* 4:24-cv-00016-LPR (E.D. Ark. Jan. 13, 2024).

1

On January 12, 2026, I concluded Plaintiff's allegations failed to satisfy the imminent danger exception in § 1915(g) because: (1) the alleged use of force occurred several months before Plaintiff filed this lawsuit; (2) Sifuents, who no longer works for the ADC, did not currently pose a threat of harm to Plaintiff; and (3) Plaintiff's broad allegations of potential future harm were too conclusory and vague. *See Pinder v. Wellpath*, LLC, 112 F.4th 495, 500 (8th Cir. 2024) (allegations of imminent danger must be "plausible" and supported by "specific facts"); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the three strikes rule to prevent impending harms, not those harms that had already occurred"). I then denied Plaintiff's Motion to Proceed *In Forma Pauperis*, gave him twenty-one days to pay the $405 filing fee in full, and warned him I would recommend dismissal if he did not timely do so.   (Doc. 4.)

Plaintiff has not complied with my instructions, and the time for doing so has passed. Therefore, I recommend the Complaint be dismissed without prejudice.   If Plaintiff wishes to proceed with this action, he must pay the $405 fee in full with his objections to this Recommendation.

## II.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      The Complaint (Doc. 1) be DISMISSED without prejudice, and this case be CLOSED.

2.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 9th day of February 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE